

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

May 11, 1992

Mr. Dan Roberts
Chairman
Texas Board on Aging
P. O. Box 12786
Austin, Texas 78711

Opinion No. DM-116

Re: Validity of a rider to the current appropriation to the Texas Department on Aging which requires the department, under certain circumstances, to use the service standards, systems, billing, audit procedures, and provider bases used by the Department of Human Services   (RQ-288)

Dear Mr. Roberts:

You have requested our opinion regarding the validity of a rider to the current appropriation to the Texas Department on Aging (hereafter "TDoA"). That provision, numbered "Rider 9," states as follows:

> Where services under Title III [of the Older Americans Act] and Options for Independent Living are substantially equivalent to those provided by the Texas Department of Human Services Community Care programs, the [TDoA] shall use the service standards, systems, billing and audit procedures, and provider bases used by the Department of Human Services to eliminate unnecessary duplication.

General Appropriations Act, Acts 1991, 72d Leg., ch. 19, art. II, § 1, at 686; *see* Hum. Res. Code §§ 101.041 - 101.049 (Options for Independent Living).

You first ask whether TDoA's compliance with this rider would violate the federal Older Americans Act and the regulations applicable thereto. *See* 42 U.S.C. §§ 3001-3057n. Determination of this matter is ultimately a federal question, and no pronouncement by this office would be conclusive. It is not, in any event, necessary to reach this issue, since we conclude that rider 9 is unconstitutional under Texas law.

Article III, section 35 of the Texas Constitution prohibits the enactment of general legislation in a general appropriations bill. *See Moore v. Sheppard*, 192 S.W.2d 559, 561 (Tex. 1946); Attorney General Opinions MW-51 (1979); V-1254, V-1253 (1951). A rider to a general appropriations bill may do no more than "detail, limit, or restrict the use of the [appropriated] funds or otherwise insure that the money is spent for the required activity for which it is therein appropriated." Attorney General Opinion V-1254 at 17 (citing summary). A rider is invalid if it attempts to "confer an affirmative duty" on a state agency. Attorney General Opinion JM-167 (1984).

In Attorney General Opinion MW-585 (1982), this office considered a rider to the appropriation to the State Board of Barber Examiners. That rider stated:

> It is the intent of the [l]egislature that an interagency contract shall be executed between the State Board of Barber Examiners and the Texas Cosmetology Commission to reduce duplication of activities in inspections, enforcement and examination.

Attorney General Opinion MW-585 (citing General Appropriations Act, Acts 1981, 67th Leg., ch. 875, art. I, at 3376). The opinion held that this rider was invalid, since it failed to "appropriate any funds nor does it detail, limit or restrict the use of funds appropriated elsewhere." *Id.* at 2. On the contrary, the opinion found that the rider was "a general directive to the State Board of Barber Examiners and the Texas Cosmetology Commission to take specific affirmative action." *Id.* The opinion concluded that the rider "constitutes general legislation"; that it was therefore "violative of article III, section 35 of the Texas Constitution"; and that as a result, it was "void and of no effect." *Id.* at 2-3.

In our opinion, the rider about which you inquire is similar in all particulars to that held invalid in Attorney General Opinion MW-585. It requires TDoA to take specific affirmative actions: "use the service standards, systems, billing and audit procedures, and provider bases used by the Department of Human Services." Acts 1991, 72d Leg., 1st C.S., ch. 19, art. II, § 1, at 686. It does so for the identical reason specified in the rider considered in Attorney General Opinion MW-585: to eliminate duplication. As laudable as this goal may be, its implementation is not a proper subject for an appropriations act rider. We are compelled to conclude that rider 9 constitutes general legislation; that, as such, it is violative of article III,

section 35 of the Texas Constitution; and that, accordingly, it is void and of no effect.

## S U M M A R Y

A rider to the appropriation to the Texas Department of Aging which requires that agency to "use the service standards, systems, billing and audit procedures, and provider bases used by the Department of Human Services" constitutes general legislation in contravention of article III, section 35 of the Texas Constitution. It is therefore void and of no effect.

Very truly yours,

**DAN MORALES**
Attorney General of Texas

**WILL PRYOR**
First Assistant Attorney General

**MARY KELLER**
Deputy Assistant Attorney General

**RENEA HICKS**
Special Assistant Attorney General

**MADELEINE B. JOHNSON**
Chair, Opinion Committee

**Prepared by Rick Gilpin**
Assistant Attorney General